1

2

3                    **UNITED STATES DISTRICT COURT**

4                    **EASTERN DISTRICT OF CALIFORNIA**

5

6  **MARY J. BRYANT,**                        **CASE NO. 1:16-CV-1688 AWI SKO**

7                    **Plaintiff**

8                    **v.**                    **ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO AMEND**

9  **U.S. BANK, et al.,**

10                   **Defendants**

11

12

13        On November 7, 2016, Plaintiff Mary J. Bryant ("Bryant") filed this lawsuit and a motion

14  to proceed *in forma pauperis*.  See Doc. Nos. 1, 2.  Bryant brings a cause of action under 18

15  U.S.C. § 1962 (civil RICO) and possibly a claim for "foreclosure fraud."  See Doc. No. 1.  Bryant

16  seeks *inter alia* exemplary damages, compensatory damages, and to reverse the foreclosure and

17  trustee sale of a home located in Visalia, California.

18        *In Forma Pauperis & Dismissal*

19        District courts "may authorize the commencement . . . of any suit, action or proceeding,

20  civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an

21  affidavit that includes a statement of all assets such [person] possess that the person is unable to

22  pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  A district court "shall dismiss

23  the case at any time if the court determines" that the action is *inter alia* is frivolous or malicious,

24  or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); O'Neal v.

25  Price, 531 F.3d 1146, 1153 (9th Cir. 2008).  An action is "frivolous" if it has no arguable basis in

26  fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations.

27  Neitzke v. Williams, 490 U.S. 319, 325 (1989); DeRock v. Sprint-Nextel, 584 Fed. Appx. 737 (9th

28  Cir. 2014); see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).  "A

1  district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face

2  of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle,

3  152 F.3d 1113, 1115 (9th Cir. 1998); Tripati, 821 F.2d at 1370.  However, the "denial of leave to

4  proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a

5  plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v.

6  Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370.  If a court denies a

7  motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by

8  amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e).

9  Rodriguez, 795 F.3d at 1188.

10          *Discussion*

11          It is unclear what precisely Bryant is attempting to allege.  The Complaint is six pages, on

12  a pre-printed form, and contains handwritten allegations.  See id.  The handwritten allegations are

13  extremely difficult to discern.  It appears that Bryant is alleging that her parents purchased a home

14  in Visalia, California over forty years ago.  See id.  In 2005, a loan on the house was refinanced.

15  In 2008, Bryant's parents passed away.  See id.  In 2014, the home changed ownership to a

16  "Martha Jane [indecipherable] Trust."  See id.  Someone refused to accept the Trust and payments.

17  See id.  Bryant attempted a loan modification, but the Defendants began foreclosure.  See id.

18  Bryant made numerous attempts to take over the loan on the home, but she was not officially

19  responsible for the loan from 2013 to 2016.  See id.  On Christmas Eve 2015, a Defendant shut off

20  the utilities to Bryant's home, knowing that Bryant was in the home.  See id.  At some point,

21  Defendants appear to have foreclosed on the home.  See id.  To the extent that this accurately

22  describes Bryant's allegations, no plausible claims are stated and there are significant problems.

23          First, there are four Defendants who are named in the Complaint.  However, Bryant does

24  not specifically identify what each Defendant allegedly did that was improper and caused her

25  harm.  It is not sufficient for Bryant to use the term "Defendant" without any further identifying

26  information.  When multiple defendants are named, the plaintiff must allege the basis of her

27  claims as to each defendant; it is improper to simply lump defendants together.  See Sebastian

28  Brown Prods., LLC v. Muzooka, Inc., 143 F.Supp.3d 1026, 1040 (N.D. Cal. 2015); Flores v. EMC

1    Mortg. Co., 997 F.Supp.2d 1088, 1103 (E.D. Cal. 2014).  In other words, Bryant must identify the

2    specific wrongful acts that each Defendant performed and how each Defendant either caused

3    Bryant harm or is responsible for Bryant's harm.  See id.

4         Second, in order to properly allege a claim, Bryant's Complaint must contain sufficient

5    factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v.

6    Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual

7    content that allows the court draw the reasonable inference that the defendant is liable for the

8    misconduct alleged." Id.  "Plausibility" means "more than a sheer possibility," but less than a

9    probability, and facts that are "merely consistent" with liability fall short of "plausibility." Id.

10   Here, the facts are uncertain and no plausible claims are stated.

11        To the extent that Bryant is attempting to allege a RICO claim, RICO provides that it is

12   "unlawful for any person employed by or associated with any enterprise engaged in, or the

13   activities of which affect, interstate or foreign commerce, to conduct or participate, directly or

14   indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or

15   collection of unlawful debt." 18 U.S.C. § 1962(c).  "To state a claim under § 1962(c), a plaintiff

16   must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."

17   Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (en banc).  A "'pattern' . . . requires

18   at least two acts of racketeering activity." 18 U.S.C. § 1961(5).  Bryant's factual allegations do

19   not establish any of these elements.

20        To the extent that Bryant is attempting to allege wrongful foreclosure, such a claim is an

21   equitable action to set aside a foreclosure sale, or an action for damages resulting from the sale, on

22   the basis that the foreclosure was improper. Sciarratta v. U.S. Bank National Assn., 247 Cal. App.

23   4th 552, 561 (2016); Miles v. Deutsche Bank Nat'l Trust Co., 236 Cal.App.4th 394, 408-09

24   (2015).  The elements of a wrongful foreclosure cause of action are: "(1) the trustee or mortgagee

25   caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of

26   sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the

27   trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor

28   challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or

1  was excused from tendering." <u>Sciarratta</u>, 247 Cal.App.4th at 561-62; <u>Miles</u>, 236 Cal.App.4th at

2  408. "Mere technical violations of the foreclosure process will not give rise to a tort claim; the

3  foreclosure must have been entirely unauthorized on the facts of the case." <u>Miles</u>, 236

4  Cal.App.4th at 408. Bryant's factual allegations do not establish any of these elements.

5          Finally, to the extent that any of Bryant's claims rest on fraud, there is a separate pleading

6  standard for fraud. Federal Rule of Civil Procedure 9(b) requires that all claims of fraud be

7  alleged with particularity. To comply with Rule 9(b), allegations of fraud must "be specific

8  enough to give defendants notice of the particular misconduct which is alleged to constitute the

9  fraud charged so that they can defend against the charge and not just deny that they have done

10  anything wrong." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009). "[A] plaintiff

11  must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must

12  set forth what is false or misleading about a statement, and why it is false." <u>Vess v. Ciba-Geigy</u>

13  <u>Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003). Thus, allegations of fraud should specifically

14  include "an account of the time, place, and specific content of the false representations as well as

15  the identities of the parties to the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764

16  (9th Cir. 2007). Stated differently, the complaint must identify "the who, what, when, where, and

17  how" of the fraud. <u>United Sates v. United Healthcare Ins. Co.</u>, 832 F.3d 1084, 1101 (9th Cir.

18  2016). None of Bryant's allegations meet this criteria.

19          In sum, the Complaint's allegations are extremely difficult to discern. It is unclear what

20  claims Bryant is attempting to pursue, and no plausible claims are stated. At this time, the Court

21  will not grant Bryant's motion to proceed *in forma pauperis*. Instead, the Court will permit Bryant

22  to file an amended Complaint that follows the analysis of this order. <u>Cf.</u> <u>Rodriguez</u>, 795 F.3d at

23  1188. An amended complaint must be legible, must identify what causes of action are being

24  pursued, identify the improper actions or basis for liability of each defendant, and the factual

25  allegations must demonstrate plausible claims. If Bryant files an amended complaint, it will be

26  reviewed and a determination regarding *in forma pauperis* status will be made. If Bryant does not

27  file a timely amended complaint, then *in forma pauperis* status will be denied and this case will be

28  dismissed without further notice. <u>See</u> <u>id.</u>

1

**ORDER**

2          Accordingly, IT IS HEREBY ORDERED that;

3    1.    Plaintiff's complaint (Doc. No. 1) is DISMISSED with leave to amend;

4    2.    Plaintiff may file an amended complaint, consistent with this order, within twenty-one (21)

5          days of service of this order; and

6    3.    If Plaintiff fails to file a timely amended complaint, Plaintiff's *in forma pauperis* motion

7          will be denied and this case will be closed without further notice.

8

9    IT IS SO ORDERED.

10   Dated:   November 15, 2016   _____

SENIOR  DISTRICT  JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28