# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANK, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:16-CV-1688-AWI-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH 14 DAYS LEAVE TO AMEND**<br><br>(Doc. 4.) |

## I.　　INTRODUCTION

On November 7, 2016, Plaintiff Mary J. Bryant, proceeding pro se, filed a complaint against U.S. Bank, "Buckley Madole," N.B.S. Default Services, and Bloom Group, Inc. (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis* (IFP). (Doc. 2.) On November 16, 2016, the assigned district judge dismissed Plaintiff's complaint for failure to state a claim and granted Plaintiff twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the Order. (Doc. 3.) On December 8, 2016, Plaintiff filed an amended complaint against U.S. Bank, "Buckley Madole," and N.B.S. Default Services (collectively "Defendants").[1] (Doc. 4 ("Am. Compl.").)

After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of Plaintiff's original complaint, Plaintiff has failed to demonstrate any violation of federal law. Accordingly, Plaintiff's amended complaint is DISMISSED with leave to amend.

## II.　　PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's amended complaint consists of 6 handwritten pages, many of which are

---

[1] Plaintiff's amended complaint no longer names Bloom Group, Inc. as a defendant. (*See* Doc. 4.)

extremely difficult to discern. Plaintiff appears to allege that she is the "Trustee and Administrator" of the "Martha Jayne Cary Living Trust" and a licensed real estate agent since 2004. (Am. Compl. at 3.) Plaintiff's parents purchased a home on March 8, 1976. (*Id.*) On December 26, 2006, a loan on the house was refinanced. (*Id.*) Plaintiff's parents made every payment on the loan from 1976 until after her father's death on June 2, 2008. (*Id.*) Someone thereafter filed for Chapter 13 bankruptcy "to attempt in good faith." (*Id.*) In September 2014, the home was deeded to Plaintiff as trustee and administrator of the Martha Jayne Cary Trust. (*Id.* at 5.) The payments on the home "were not made due to Bank Wells Fargo and U.S. Bank['s] prolonged intentional avoidance to complete loan modification." (*Id.* at 3.) A Defendant "promised payment reduction and loan modification but must stop Bankruptcy to qualify for loan modification and would not accept payment until loan mod[ification] [was] finalized." (*Id.*)

Foreclosure of the home was initiated before the death of Plaintiff's mother on August 17, 2014. (*Id.* at 5.) On April 10, 2015, a trustee sale of the home was held. (*Id.*) On May 20, 2015, Plaintiff filed a civil lawsuit in Tulare County Superior Court against Defendants, but Defendants never responded. (*Id.*) A Defendant hired Coldwell Banker Premier Real Estate who came onto the property to take pictures. (*Id.*) On December 2, 2015, Plaintiff received a letter from a Defendant to "investigate [sic] rescission of foreclosure and trustee sale." (*Id.*) That same Defendant shut off utilities that were in Plaintiff's name. (*Id.*) A second trustee sale was held on April 13, 2016. (*Id.*)

Plaintiff alleges that Defendant U.S. Bank "sought to deceive and mislead." (*Id.* at 4.) Plaintiff appears to assert that Defendant U.S Bank is liable because it did not comply with the Uniform Commercial Code and/or did not conduct a lawful foreclosure. (*Id.* at 4.) Plaintiff claims that Defendant "Buckley Madole" is an attorney to the "[m]ortgage [i]ndustry" and to Defendant U.S. Bank, and "shares the same address and suite [number] as [Defendant] N.B.S. Default Services." (*Id.* at 6.) Plaintiff alleges that Defendant Buckley Madole "knowingly engaged separate association [Defendant] N.B.S. Default Servicing to fraudulently foreclose and engage 3 real estate agents, brokers, conduct 2 trustee sales, and evict Plaintiff from home establishing RICO pattern to foreclose, trustee sale, and eviction on a collection of unlawful debt."

1 (*Id.*) Plaintiff claims that this conduct violates 18 U.S.C. § 1962(c). (*Id.*)

### III. DISCUSSION

**A. Screening Standard**

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines" that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *DeRock v. Sprint-Nextel*, 584 Fed. Appx. 737 (9th Cir. 2014); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati*, 821 F.2d at 1370. However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015); *see Tripati*, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). *Rodriguez*, 795 F.3d at 1188.

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798

(9th Cir. 1991). In order to properly allege a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *Id.* Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Plaintiff's RICO Claim is Subject to Dismissal.**

Even liberally construed, the amended complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff's sole cause of action, for "collection of unlawful debt" under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fails to state a claim. RICO prohibits "any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through . . . collection of unlawful debt." 18 U.S.C. § 1962(c). RICO defines "unlawful debt" as the result of illegal gambling or usurious lending, which is defined as lending at "at least twice the enforceable rate." *Id.* § 1961(6).[2] To make out a "collection of unlawful debt" claim under 18 U.S.C. § 1962(c), Plaintiff must allege facts sufficient to prove (1) the debt was unenforceable in whole or in part

---

[2] 18 U.S.C. § 1961(6) reads:

> "[U]nlawful debt" means a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

4

because of state or federal laws relating to illegal gambling activity or usury, (2) the debt was incurred in connection with "the business of gambling . . . or the business of lending money . . . at a [usurious] rate," (3) the usurious rate was at least twice the enforceable rate, and (4) as a result of the above confluence of factors, she was injured in her business or property. *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 666 (9th Cir. 1988). Here, while it appears that Plaintiff complains about the enforcement of a residential debt, she does not allege that such debt related to, or was incurred in connection with, illegal gambling or usury. Plaintiff therefore has not alleged the collection of an "unlawful debt" as it is defined by RICO. *See, e.g., Tjaden v. H.S.B.C. Bank USA Nat. Ass'n*, No. 13–cv–3173 JM (DBH), 2015 WL 1644899, at *7 (S.D. Cal. Apr. 14, 2015), *aff'd sub nom. Tjaden v. HSBC Bank USA, Nat'l Ass'n*, No. 15-55718, 2017 WL 943943 (9th Cir. Mar. 10, 2017).

Accordingly, Plaintiff has failed to state a cognizable claim for a violation of RICO, and Plaintiff's amended complaint is dismissed. However, given the Ninth Circuit's admonition that leave to amend should be afforded to pro se parties, *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), the Court shall grant leave to amend as to only a claim for collection of unlawful debt under RICO.

Plaintiff's second amended complaint must be ***legible***, identify the improper actions or basis for liability of ***each*** defendant,[3] and the factual allegations must demonstrate a ***plausible claim.*** If Plaintiff files a second amended complaint, it will be reviewed and a determination regarding *in forma pauperis* status will be made. If Plaintiff does not timely file a second amended complaint or fails to cure the deficiencies identified above, Court will recommend that *in forma pauperis* status be denied and the amended complaint be dismissed with prejudice.

//

//

//

---

[3] It is not sufficient for Plaintiff to use the term "Defendant" without any further identifying information. When multiple defendants are named, the plaintiff must allege the basis of her claims as to each defendant. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1040 (N.D. Cal. 2015); *Flores v. EMC Mortg. Co.*, 997 F.Supp.2d 1088, 1103 (E.D. Cal. 2014).

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's amended complaint (Doc. 4) is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND;
2. Within **fourteen (14) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
3. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend that *in forma pauperis* status be denied and the first amended complaint be dismissed with prejudice.</u>

IT IS SO ORDERED.

Dated:  **June 12, 2017**                         /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE