# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT,<br>             Plaintiff<br>      v.<br>U.S. BANK, et al.,<br>             Defendants | CASE NO. 1:16-CV-1688 AWI SKO<br><br>ORDER ON MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. No. 10) |

On August 25, 2017, the Court adopted a Findings and Recommendation ("F&R") that recommended dismissing this case with prejudice for failing to comply with court orders. See Doc. Nos. 7, 8. The case was closed and judgement was entered on August 25, 2017. See Doc. No. 9. Plaintiff's amended complaint had been dismissed and Plaintiff was ordered to file an amended complaint. See Doc. No. 5. Plaintiff did not do so and did not respond to an order to show cause why the case should not be dismissed. See Doc. No. 6. The F&R followed and Plaintiff filed no objections. See Doc. No. 7. Plaintiff was and is appearing pro se.

On September 11, 2017, Plaintiff filed a complaint against the Defendants and the Wolf Firm; the complaint was filed in a new case assigned to District Judge Drozd. See Doc. No. 1 in E.D. of Cal. Case No. 1:17-cv-1218 DAD BAM. On October 6, 2017, Judge Drozd issued an order that construed the complaint pending before him as a motion for relief from judgment in this case. See Doc. No. 11. Therefore, now pending before the undersigned is Plaintiff's motion for relief from judgment. See Doc. No. 10.

Plaintiff's motion is in the form of a complaint that deals with conduct surrounding a foreclosure of real property. See id. Exhibits are attached, including a deed of trust, a grant deed, and a trustee's deed upon sale. See id. The portion of the motion/complaint that deals with

reinstatement of this case is the penultimate page. See id. This page is handwritten and reads in relevant part: "I am asking to reinstate Federal Case (Bryant v. U.S. Bank) or accept as new case. Jan 2017, I was illegally jailed for 13 days, 'no charges filed,' and I am pursuing legal action in Federal Court. I was forced into hiding January 2017 to June 2017. New evidence of fraud U.S. Bank not 'holder in due course." Id. The Court views these allegations as implicating two subparagraphs of Federal Rule of Civil Procedure 60(b).

First, Plaintiff refers to "new evidence." Rule 60(b)(2) permits relief from a final judgment based on "newly discovered evidence." See Fed. R. Civ. P. 60(b)(2). To obtain relief under Rule 60(b)(2), "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990); Coastal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 211 (9th Cir. 1987). Evidence is not newly discovered if it was already in the party's possession or could have been discovered with reasonable diligence. Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 (9th Cir. 1994); Coastal Transfer Co., 833 F.2d at 212. However, Plaintiff does not adequately describe the new evidence, explain when she discovered the evidence, why the evidence could not have been discovered sooner, or how the evidence would have changed the disposition of the case. See Jones, 921 F.2d at 878. The last point is especially powerful. As discussed above, this case was dismissed for failure to obey a court order, and that order was for Plaintiff to file an amended complaint. The discovery of unknown evidence does not speak to Plaintiff's failure to obey court orders. Plaintiff has not shown that relief is available under Rule 60(b)(2).

Second, Plaintiff states that she was in hiding from January 2017 to June 2017. This arguably implicates Rule 60(b)(6), which permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a catchall provision that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005). "Judgments are not often set aside under Rule 60(b)(6)."

Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). "This rule has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007); Washington, 394 F.2d at 1157. A party who moves for Rule 60(b)(6) relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Latshaw, 452 F.3d at 1103; Washington, 394 F.3d at 1157. Here, Plaintiff does not explain how, where, or why she was in hiding, and the statement by itself seems fanciful. More importantly, there is no explanation of how events from January 2017 to June 2017 prevented Plaintiff from obeying court orders or prosecuting this case. The order to show cause was issued on July 5, 2017, and the F&R was issued on August 3, 2017; both dates that fall outside the January 2017 to June 2017 timeframe. See Doc. Nos. 6, 7. Plaintiff has not shown that Rule 60(b)(6) applies to this case.

No other bases for relief from judgment are apparent. Therefore, the Court will deny Plaintiff's motion to reinstate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from judgment (Doc. No. 10) is DENIED; and
2. This case remains CLOSED.

IT IS SO ORDERED.

Dated:   October 12, 2017

SENIOR DISTRICT JUDGE